UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MICHAEL BRAUSS,<br><br>        Petitioner,<br>  v.<br>BILL GORE, San Diego County Sheriff,<br>        Respondent. | Civil No. 15cv0944-GPC (NLS)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT PREJUDICE** |

  Petitioner, a pre-trial detainee proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a motion to proceed in forma pauperis. Petitioner requests the Court intervene in ongoing state court criminal and/or civil commitment proceedings, and complains of conditions of confinement in the San Diego County Jail. (Pet. at 2-4.) The Petition is subject to dismissal because Petitioner has not satisfied the filing fee requirement, has failed to allege exhaustion of state court remedies, has included claims which are not cognizable on federal habeas, and on abstention grounds.

### MOTION TO PROCEED IN FORMA PAUPERIS

  The request to proceed in forma pauperis is denied because Petitioner has not provided the Court with sufficient information to determine his financial status. A

request to proceed in forma pauperis must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution where he is confined. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. Petitioner has failed to provide the Court with the required Certificate.

## **FAILURE TO EXHAUST STATE COURT REMEDIES**

Habeas petitioners who wish to challenge either their conviction or the length of their confinement, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." Id. at 366 (emphasis added).

Petitioner indicates that he has not exhausted state court remedies because: "The too big to fail banks have turned the justice system upside down . . . the state courts are broken and corrupt . . . [and] there is no justice or even a resemblance of due process in the state courts." (See Pet. at 7.) The burden of proving that a claim has been exhausted lies with the petitioner. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (holding that the exhaustion doctrine is designed to give state court the first opportunity to pass upon alleged violations of state prisoner's federal rights); Hendricks v. Zenon, 993 F.2d 664, 672 (9th

Cir. 1993) (recognizing that the exhaustion doctrine is essentially a matter of federalism and comity which can be excused only "in rare cases where exceptional circumstances of peculiar urgency are shown to exist."), quoting Granberry, 481 U.S. at 134; see also 28 U.S.C. § 2254(b) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.")

Petitioner has not alleged sufficient facts to demonstrate there is an absence of state corrective process available to him. He has therefore failed to allege exhaustion as to the claims presented in the Petition, and it is subject to dismissal. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further into the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."), citing Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

## ABSTENTION

To the extent Petitioner is challenging ongoing state criminal or civil commitment proceedings, this Court is barred from consideration of the claims by the abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1971). Under Younger, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. Id. at 45-46; see Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) (stating that Younger "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings."); see Sherwood v. Tompkins, 716 F.2d 632, 634 (9th Cir. 1983) (holding that the concerns of Younger abstention are particularly important in the federal habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot.)

///

Absent extraordinary circumstances, abstention under Younger is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issues. Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir. 2001). All three of these criteria are satisfied here. Petitioner's state case is still ongoing, there is no question that the state criminal and civil commitment proceedings involve important state interests, and Petitioner has not shown that he is unable to petition the state courts for relief. Because Petitioner has not shown extraordinary circumstances, to the extent he is seeking intervention in his ongoing state proceedings, abstention is required. See Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from that the case concluded in the state courts.")

## CONDITIONS OF CONFINEMENT CLAIMS

To the extent Petitioner intended to present claims challenging current or past conditions of confinement (see Pet. at 4), such claims are not cognizable on federal habeas. Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. See Preiser, 411 U.S. at 488-500. When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Id. at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his confinement, but not to the fact or length of his custody. Id. at 499; Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.") To the extent Petitioner intended to

present claims challenging the conditions of his confinement, but not the fact or length of his custody, such a claims are not cognizable in a habeas action pursuant to § 2254.

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. Here, it is plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not satisfied the filing fee requirement and has not alleged exhaustion of state court remedies, and on abstention grounds.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's motion to proceed in forma pauperis and **DISMISSES** the case due to Petitioner's failure to satisfy the filing fee requirement, failure allege exhaustion of state court remedies, and on abstention grounds. The dismissal is without prejudice. If Petitioner wishes to challenge the fact or duration of his confinement, he must, **no later than June 16, 2014** satisfy the filing fee requirement and file a First Amended Petition which cures the defects of habeas pleading identified in this Order. If he wishes to challenge the conditions of his confinement, he may file a new civil complaint pursuant to 42 U.S.C. § 1983 which will be given a new civil case number. The Clerk of Court shall send Petitioner a blank Southern District of California amended habeas petition form, a blank Southern District of California 42 U.S.C. § 1983 Civil Complaint form, and a blank Southern District of California in forma pauperis application, along with a copy of this Order.

**IT IS SO ORDERED.**

**DATED:  May 13, 2015**

HON. GONZALO P. CURIEL
**United States District Judge**